UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL PIERSON, *et al.*, | Case No. 1:23-cv-01778 JLT EPG |
| Plaintiffs, | ORDER ADOPTING FINDINGS AND RECOMMENDATIONS DENYING PLAINTIFFS' MOTION TO REMAND AND APPROVING DEFENDANT WORTHINGTON'S MOTION FOR DETERMINATION OF GOOD FAITH SETTLEMENT, AND |
| v. | |
| M.B. STURGIS, INC., *et al.*, | |
| Defendants. | |
| | (Docs. 21, 65, and 84) |

Michael Pierson and Courtney Pierson bring this action against Defendants, including Enerco Group, Inc. and Worthington Industries, Inc.[1], for negligence and strict liability in the death of Katie Pierson following a propane gas explosion. Plaintiffs initiated this action in the Los Angeles County Superior Court and seek a remand of the matter to state Court following Defendants' removal to the federal court.[2]  (Doc. 21.)  While the motion was pending, Plaintiffs and Defendant Worthington entered into a settlement agreement, and Worthington moved for a determination that "the settlement meets the standards of good faith within the meaning of California Code of Civil Procedure § 877.6."  (Doc. 65 at 2.)

---

[1] Defendants report that late last year, Worthington's name changed to "Worthington Enterprises, Inc." (Doc. 65-2 at 1, Warren Decl. ¶ 1.)

[2] Defendants removed the action to the Central District of California, which transferred the matter to this Court.  (Docs. 43, 44.)

1

The magistrate judge found the removal to the federal court by Enerco was timely. (Doc. 85 at 5-7.) In addition, the magistrate judge found "Enerco met its burden in establishing complete diversity between the parties." (*Id.* at 9; *see also id.* at 7-9.) Finally, the magistrate judge rejected Plaintiffs' contention that Enerco waived its right to removal by previously filing a motion to transfer venue, "because the case was not removable when the motion was filed." (*Id.* at 10.) Thus, the magistrate judge recommended the motion to remand be denied. (*Id.* at 14.)

Evaluating Plaintiffs' settlement with Worthington, the magistrate judge found the "settlement was in good faith." (Doc. 84 at 14.) The magistrate judge observed, "It is undisputed that the settlement was the result of arms-length negotiations between Plaintiffs and Worthington." (*Id.*) The magistrate judge also observed: "The evidence offered in support of the conclusion that Worthington's liability is minimal or non- existent, particularly the declaration of Malcolm Warren relating to post-accident testing and the deposition testimony of Michael Pierson, is substantial and persuasive." (*Id.*) Furthermore, the magistrate judge observed that "Enerco admits that post-accident testing revealed a small propane leak between the Enerco heater and the connecting hose." (*Id.*) Therefore, the magistrate judge recommended the motion for determination of a good faith settlement be granted. (*Id.*)

The Court served the Findings and Recommendations on the parties and notified them that any objections were to be filed within 30 days. (*Id*. at 14.) The Court advised the parties hat the "failure to file objections within the specified time may result in the waiver of rights on appeal." (*Id.* at 14-15, citing *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014).) No objections were filed, and the time to do so has passed.

According to 28 U.S.C. § 636(b)(1), the Court conducted a *de novo* review of this case. Having carefully reviewed the matter, the Court concludes the Findings and Recommendations are supported by the record and by proper analysis. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on November 19, 2024 (Doc. 84) are **ADOPTED** in full.
2. Plaintiffs' motion to remand (Doc. 21) is **DENIED**.

///

3. Defendant Worthington's motion for determination of good faith settlement (Doc. 65) is **GRANTED**.

IT IS SO ORDERED.

Dated:   **December 30, 2024**

UNITED STATES DISTRICT JUDGE